IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICTOR L EDWARDS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | No. 3:19-cv-01497-C (BT) |
| | § | |
| DALLAS COUNTY JAIL FACILITY, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff Victor L. Edwards's *pro se* complaint. For the following reasons, the Court should dismiss Edwards's complaint under Fed. R. Civ. P. 41(b).

I.

Edwards filed this complaint under 42 U.S.C. § 1983. On October 9, 2019, the Court sent Edwards a Magistrate Judge's Questionnaire seeking additional information regarding his claims. On November 26, 2019, the Questionnaire was returned to the Court because Edwards is no longer incarcerated in the Dallas County Jail. Edwards failed to provide the Court with any alternative address.

II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir.

1

1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, Edwards failed to provide the Court with a current address, so the Court is unable to contact him. This litigation cannot proceed until he provides the Court with his current address. Accordingly, the complaint should be dismissed for want of prosecution under Fed. R. Civ. P. 41(b).

### III.

For the foregoing reasons, the Court recommends that the complaint be dismissed without prejudice for want of prosecution under Fed. R. Civ. P. 41(b).

Signed December 5, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).